(No. 2265—

MACK THOMAS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 10, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General, for respondent.

*Per Curiam:*

On July 8th, 1936 an award was entered in this cause subject to the approval of the Governor, as required by the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof", approved July 2d, 1935. The Governor having failed to approve the same, the cause was returned to this court for further proceedings.

And the court having heard further evidence, both on the part of the claimant and on the part of the respondent, and the cause again coming on for consideration, IT IS HEREBY ORDERED that the award heretofore made and entered herein on July 8th, 1936 as aforesaid be and the same is hereby vacated and set aside.

And upon consideration of the cause upon the present record, the court doth find as follows:

That on the 6th day of September, A. D. 1932, both claimant and respondent were operating under and bound by the terms and provisions of the Workmen's Compensation Act of this State.

That on said date claimant was employed by the respondent as a day laborer in the Division of Highways; that in the course of his employment he was attempting to place some pictures upon the wall in one of the offices of the Division of Highways, and for that purpose was standing on top of a twelve-foot ladder; that the ladder slipped and claimant fell to the floor and sustained a compression fracture of the first lumbar vertebra with a tearing of the ligaments at the fifth lumbar vertebra, which ligaments had become calcified; that such injuries arose out of and in the course of claimant's employment; that he was removed to St. John's Hospital in Springfield where he remained until November 13th, 1932, and was then returned to his home.

That notice of the accident was given, and claim for compensation made, in accordance with the provisions of the Workmen's Compensation Act.

That the annual wages of said claimant during the year preceding the accident were $1,287.00, to wit, $24.75 per week.

That claimant at the time of the accident was a married man but had no children under the age of sixteen years.

That medical, surgical and hospital bills in the amount of $441.70 were paid by the respondent.

That as the result of the injuries so sustained, claimant was temporarily totally disabled from September 7th, 1932 to September 23d, 1933, to wit, for the period of 54 weeks, and thereafter was partially incapacitated from pursuing his usual and customary line of employment.

That the average amount which claimant earned before the accident was $24.75 per week, and that the average amount which he is earning or is able to earn in some suitable employment after the accident is $6.19 per week.

That under Section 8; paragraphs B and D of the Workmen's Compensation Act, the rate of claimant's compensation for temporary total disability is $12.37½ per week, and the rate for permanent partial disability is $9.28 per week; that the total compensation to which claimant is entitled is limited to 416 weeks in time and $4,000.00 in amount; that compensation for the full period of 416 weeks at the rates aforesaid, would be in excess of $4,000.00, and the total amount of the compensation to which claimant is entitled is therefore fixed at $4,000.00.

Payments have been made to claimant in the total amount of $529.15. The amount of compensation which has accrued from September 7th, 1932 to February 6th, 1937 at the rates above set forth, is $2,301.53. Deducting the sum of $529.15 heretofore paid as aforesaid, leaves the sum of $1,772.38 which is payable at this time, and the balance of said compensation, to wit, the sum of $1,698.47, is payable in 183 weekly installments of $9.28 per week commencing February 13th, 1937 and one final installment of 23c.

Award is therefore entered in favor of the claimant for the sum of Thirty-four Hundred Seventy Dollars and Eighty-five Cents ($3,470.85) being Four Thousand Dollars ($4,000.00) less the amount heretofore paid, to wit, Five Hundred Twenty-nine Dollars and Fifteen Cents ($529.15), payable as follows, to wit: Seventeen Hundred Seventy-two Dollars and Thirty-eight Cents ($1,772.38) forthwith, and the balance of Sixteen Hundred Ninety-eight Dollars and Forty-seven Cents ($1,698.47) in One Hundred Eighty-three (183) weekly installments of Nine Dollars and Twenty-eight Cents ($9.28) per week commencing February 13th, 1937, and one final installment of Twenty-three Cents (23c).

This award being for personal injuries of a State employee, is subject to the provisions of an Act entitled "An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof," approved July 2d, 1935 (Session Laws of 1935, p. 49).

In accordance with the provisions of such Act, this award is subject to the approval of the Governor, and upon such approval, is payable from the appropriation from the Road Fund in the manner provided in such Act.